## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION

TIMOTHY LANGFELDT,

       Plaintiff,

       v.

MANNLEY TRANSPORT, INC.,
JOHAN B. REDECOP,

       Defendants,

Court No. 21 cv 1736

JURY DEMAND

### PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, TIMOTHY J. LANGFELDT, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC and brings his Complaint at Law against Defendants MANNLEY TRANSPORT, INC. and JOHAN B. REDECOP, and in support thereof, states as follows:

### PARTIES, JURISDICTION & VENUE

1.    Plaintiff TIMOTHY LANGFELDT is a permanent resident of Ashland City, Tennessee.

2.    The amount in controversy in this case is in excess of $75,000.00.

3.    Defendant MANNLEY TRANSPORT, INC. is a Canadian Corporation, and, upon information and belief, their primary place of business is 1571 Seacliff Drive Unit 2, Kingsville, Ontario N9Y 2M5.

4.    Upon information and belief, Defendant JOHAN B. REDECOP is a permanent resident of Leamington, Ontario.

5.    The events giving rise to this claim transpired at Interstate 57 ("I-57") at or near Milepost 69, in Franklin County, Illinois.

1

6.     Jurisdiction in this Court is proper under 28 U.S.C. § 1332.

7.     Venue in the Southern District of Illinois, Benton Division is proper under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

8.     On February 14, 2020, and at all times relevant herein, I-57 was a public expressway running in a general north/south direction, located in Franklin County, Illinois.

9.     On February 14, 2020, and at all times relevant herein, Milepost 69 was a road feature on I-57, a public expressway running in a general north/south direction, located in Franklin County, Illinois.

10.     On February 14, 2020, at approximately 2:40 P.M., Plaintiff TIMOTHY J. LANGFELDT lawfully operated a certain motor vehicle, namely a 2018 Volvo 1800 Series semi tractor-trailer, while traveling southbound on I-57 at or near Milepost 69 in Franklin County, Illinois.

11.     At the time and place aforesaid, Defendant JOHAN B. REDECOP operated a certain motor vehicle, namely a 2013 freight tractor-trailer, which was used to transport refrigerated food items, while traveling northbound on I-57 at or near Milepost 69 in Franklin County, Illinois.

12.     At all times relevant herein, the 2013 freight tractor-trailer operated by Defendant JOHAN B. REDECOP was owned, operated, managed, maintained and/or controlled by Defendant MANNLEY TRANSPORT, INC.

13.     On February 14, 2020, while he was travelling northbound on I-57, the tandem tires on the rear portion of Defendant JOHAN B. REDECOP's tractor-trailer became dislodged from his tractor-trailer.

14.     Defendants' tandem tires subsequently crossed the median of north and southbound I-57 at great speed and collided with and/or struck the front cab area of the tractor-trailer being operated by Plaintiff TIMOTHY J. LANGFELDT.

15.     The impact between Defendants' tandem tires and Plaintiff TIMOTHY J. LANGFELDT's tractor-trailer forced Plaintiff and his tractor-trailer to careen into the center median between the northbound and southbound lanes of I-57.

16.     The impact of Defendant JOHAN B. REDECOP's tandem tires, and the subsequent rollover crash of Plaintiff TIMOTHY J. LANGFELDT's tractor-trailer into the center median, caused severe damage to Plaintiff's cab, attached trailers, and great bodily harm to Plaintiff himself.

### COUNT I
### TIMOTHY J. LANGFELDT V. MANNLEY TRANSPORT, INC.
### (Negligence)

17.     The Plaintiff incorporates paragraphs one (1) through sixteen (16) of this Complaint at Law as if fully alleged herein Count I.

18.     On or about February 14, 2020, and at all relevant times, Defendant MANNLEY TRANSPORT, INC. owned, possessed, operated, managed, inspected, maintained, and controlled a certain 2013 freight tractor-trailer driven by Defendant, JOHAN B. REDECOP.

19.     On or about February 14, 2020, and at all relevant times, Defendant MANNLEY TRANSPORT, INC.  had a duty to use ordinary care in owning, possessing, operating, managing, maintaining, inspecting, and controlling, both directly and indirectly, individually and through their agents, servants and employees, said 2013 freight tractor-trailer.

20.    On February 14, 2020, Defendant JOHAN B. REDECOP, acting as agent under the direction and control of Defendant MANNLEY TRANSPORT, INC. was transporting items in the aforementioned freight tractor-trailer.

21.    On February 14, 2020, an axle on the trailer driven by Defendant JOHAN B. REDECOP, its tandem tires, and other components failed to operate properly and caused said tires to detach from said trailer.

22.    On February 14, 2020, the detached tandem tires came into contact with Plaintiff TIMOTHY J. LANGFELDT'S semi-tractor-trailer, causing the vehicle to career into the center median on I-57, at or near Milepost 69.

23.    On February 14, 2020, and prior thereto, Defendant MANNLEY TRANSPORT, INC. breached its duty of ordinary care and were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failed to make a reasonable inspection of the trailer, axle, tires, and other relevant components when the Defendant knew, or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to Plaintiff; or

(b)    Improperly operated, managed, maintained, and controlled the aforesaid trailer axle, tires, and other relevant components, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(d)    Failed to ensure that the trailer, axle, tires, and other relevant components were intrinsically safe; or

(e)    Failed to properly supervise the use of the trailer, axle, tires, and other relevant components; or

(f)     Allowed and permitted an unsafe trailer axle, tires, and other relevant components to be used by persons, including Defendant JOHN B. REDECOP; or

(g)     Directed Defendant JOHN B. REDECOP to utilize an unsafe trailer, axle, tires, and other relevant components when Defendant knew or should have known that such use would proximately result in injury; or

(h)     Negligently instructed Defendant JOHN B. REDECOP when Defendant knew or should have known that such instruction would proximately result in injury; or

(i)     Negligently and carelessly operated and controlled a tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions, contrary to and in violation of 625 ILCS 5/11-601; or

(j)     Placed a tractor-trailer on the road with one or more unsafe pneumatic tires in violation of 625 ILCS 12-405(c); or

(k)     Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R. §393.205; or

(l)     Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R. §393.207; or

(m)     Negligently and carelessly operated and drove his tractor-trailer without brakes adequate to control the movement of and to stop and hold such tractor-trailer, in violation of 625 ILCS 5/12-301(a); or

(n)     Negligently and carelessly failed to properly stop and/or slow the tractor-trailer when danger to Plaintiff was imminent, in violation of 625 ILCS 5/11-601; or

(o)     Drove, or allowed a tractor-trailer to be driven, that was in an unsafe condition as to endanger persons or property in violation of 625 ILCS 5/12-101; or

(p)     Failed to sound the horn to provide warning of the impending danger; or

(q)     Was otherwise careless or negligent.

24.     That as a direct and proximate result of one or more, or all, of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was injured and thereby sustained severe and permanent injuries, including physically, emotionally, and economically.

5

Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, TIMOTHY J. LANGFELDT, respectfully prays for judgement in his favor and against the Defendant MANNLEY TRANSPORT, INC. in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

## COUNT II
### TIMOTHY J. LANGFELDT V. MANNLEY TRANSPORT, INC.
**(Vicarious Liability)**

25.     The Plaintiff incorporates paragraphs one (1) through sixteen (16) of this Complaint at Law as if fully alleged herein Count II.

26.     At the time and place aforesaid, Defendant MANNLEY TRANSPORT, INC., held out Defendant JOHAN B. REDECOP to the general public as an agent, employee, contractor, driver and/or servant.

27.     At the time and place aforesaid, Defendant JOHAN B. REDECOP was acting within the scope of his agency, employment and/or contractual relationship with Defendant MANNLEY TRANSPORT, INC.

28.     At the time and place aforesaid, Defendant MANNLEY TRANSPORT, INC., by and through its agent, employee, contractor, driver and/or servant, JOHAN B. REDECOP, had a duty to exercise reasonable care and caution in the operation of the aforesaid 2013 freight tractor-trailer so as not to cause injuries or damages to others, including Plaintiff TIMOTHY J. LANGFELDT.

6

29.     At that time and place, Defendant MANNLEY TRANSPORT, INC., by and through its agent, employee, contractor, driver and/or servant JOHAN B. REDECOP, was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to make a reasonable inspection of the trailer, axle, tires, and other relevant components when the Defendant knew, or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to Plaintiff; or

(b)     Improperly operated, managed, maintained, and controlled the aforesaid trailer axle, tires, and other relevant components, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(d)     Failed to ensure that the trailer, axle, tires, and other relevant components were intrinsically safe; or

(e)     Failed to properly supervise the use of the trailer, axle, tires, and other relevant components; or

(f)     Allowed and permitted an unsafe trailer axle, tires, and other relevant components to be used by persons, including Defendant JOHN B. REDECOP; or

(g)     Directed Defendant JOHN B. REDECOP to utilize an unsafe trailer, axle, tires, and other relevant components when Defendant knew or should have known that such use would proximately result in injury; or

(h)     Negligently instructed Defendant JOHN B. REDECOP when Defendant knew or should have known that such instruction would proximately result in injury; or

(i)     Negligently and carelessly operated and controlled a tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions, contrary to and in violation of 625 ILCS 5/11-601; or

(j)     Placed a tractor-trailer on the road with one or more unsafe pneumatic tires in violation of 625 ILCS 12-405(c); or

(k)    Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R. §393.205; or

(l)    Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R. §393.207; or

(m)    Negligently and carelessly operated and drove his tractor-trailer without brakes adequate to control the movement of and to stop and hold such tractor-trailer, in violation of 625 ILCS 5/12-301(a); or

(n)    Negligently and carelessly failed to properly stop and/or slow the tractor-trailer when danger to Plaintiff was imminent, in violation of 625 ILCS 5/11-601; or

(o)    Drove, or allowed a tractor-trailer to be driven, that was in an unsafe condition as to endanger persons or property in violation of 625 ILCS 5/12-101; or

(p)    Failed to sound the horn to provide warning of the impending danger; or

(q)    Was otherwise careless or negligent.

30.    One or more of these acts and/or omissions of Defendant MANNLEY TRANSPORT, INC., by and through its agent, employee, contractor, driver and/or servant, JOHAN B. REDECOP, was a proximate cause of the damages and injuries suffered by Plaintiff, TIMOTHY J. LANGFELDT.

31.    That as a direct and proximate result of one or more, or all, of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was injured and thereby sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, TIMOTHY J. LANGFELDT, respectfully prays for judgement in his favor and against the Defendant MANNLEY TRANSPORT, INC. in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

<u>COUNT III</u>
**TIMOTHY J. LANGFELDT V. JOHAN B. REDECOP**
**(Negligence)**

32.     The Plaintiff incorporates paragraphs one (1) through sixteen (16) of this Complaint at Law as if fully alleged herein Count III.

33.     At all times relevant herein, Defendant JOHAN B. REDECOP was driving the 2013 freight tractor-trailer as an agent, employee, contractor, driver and/or servant of Defendant MANNLEY TRANSPORT, INC., in the furtherance of his work for Defendant MANNLEY TRANSPORT, INC.

34.     While driving the 2013 freight tractor-trailer, Defendant JOHAN B. REDECOP owed a duty to exercise ordinary care in the operation and maintenance of said tractor-trailer to avoid placing others in danger, so as not to cause injury to others lawfully upon the roadways, including the Plaintiff, TIMOTHY J. LANGFELDT.

35.     On February 14, 2020, notwithstanding that duty, an axle on the trailer driven by Defendant JOHAN B. REDECOP, its tandem tires, and other components failed to operate properly and caused said tires to detach from said trailer.

36.     On February 14, 2020, the detached tandem tires came into contact with Plaintiff TIMOTHY J. LANGFELDT'S semi-trailer causing the truck tractor and first trailer to careen into the center median on Interstate 57 at or near Milepost 69.

37.     At the aforesaid time and place, Defendant JOHAN B. REDECOP was then and there guilty of one or more of the following acts and/or omissions:

(a)     Failed to make a reasonable inspection of the trailer, axle, tires, and other relevant components when the Defendant knew, or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to Plaintiff; or

(b)     Improperly operated, managed, maintained, and controlled the aforesaid trailer axle, tires, and other relevant components, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(d)     Failed to ensure that the trailer, axle, tires, and other relevant components were intrinsically safe; or

(e)     Failed to properly supervise the use of the trailer, axle, tires, and other relevant components; or

(f)     Utilized an unsafe trailer, axle, tires, and other relevant components when Defendant knew or should have known that such use would proximately result in injury; or

(g)     Negligently and carelessly operated and controlled a motor tractor-trailer at a speed that was greater than reasonable and proper with regard to traffic conditions, contrary to and in violation of 625 ILCS 5/11-601; or

(h)     Placed a tractor-trailer on the road with one or more unsafe pneumatic tires in violation of 625 ILCS 12-405(c); or

(i)     Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R. §393.205; or

(j)     Failed to properly manage, maintain, and control a federally regulated commercial motor vehicle in violation of 49 C.F.R.  §393.207; or

(k)     Negligently and carelessly operated and drove his motor tractor-trailer without brakes adequate to control the movement of and to stop and hold such tractor-trailer, in violation of 625 ILCS 5/12-301(a); or

10

(l)     Negligently and carelessly failed to properly stop and/or slow the motor tractor-trailer when danger to Plaintiff was imminent, in violation of 625 ILCS 5/11-601; or

(m)     Drove in an unsafe condition as to endanger persons or property in violation of 625 ILCS 5/12-101; or

(n)     Failed to sound the horn to provide warning of the impending danger; or

(o)     Was otherwise careless or negligent.

38.     That as a direct and proximate result of one or more, or all, of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was injured and thereby sustained severe and permanent injuries, including physically, emotionally, and economically. Plaintiff also suffered great pain and anguish, both in mind and body, and conscious pain and suffering. Plaintiff further expended and became liable for, large sums of money for medical care and services endeavoring to treat said injuries. Plaintiff also suffered great mental anguish, guilt, remorse, and emotional distress as a result of the Defendant's negligence.

WHEREFORE the Plaintiff, TIMOTHY J. LANGFELDT, respectfully prays for judgement in his favor and against the Defendant JOHAN B. REDECOP in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs of suit.

Respectfully Submitted,
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC

_____
Gerald Bekkerman

Gerald Bekkerman (Lead Counsel)
James P. Lynch
William Parrish
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 West Wacker Drive, Suite 1650
Chicago, Illinois 60606
P: 312.586.1700
F: 312.586.1701
E: jlynch@tpmblegal.com
E: wparrish@tpmblegal.com

Stanley Davis
Law Office of Stanley A. Davis
5214 Maryland Way, Suite 309
Brentwood, Tennessee 37027
P: 615.845.6141
F: 615.690.2091
E: standavislaw@gmail.com