IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY LANGFELDT,<br><br>    Plaintiff,<br><br>v.<br><br>MANNLEY TRANSPORT, INC., and<br>JOHAN REDECOP,<br><br>    Defendants. | Case No. 21-cv-1736-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Strike Defendants' Answer to Plaintiff's Amended Complaint (Doc. 21) filed by Plaintiff Timothy Langfeldt. For the following reasons, the motion is granted in part and denied in part.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Langfeldt seeks to strike the Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth affirmative defenses raised by Defendant Mannley Transport, Inc. Langfeldt's motion is **DENIED** as to Defendants' Second, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses. However, Langfeldt's motion is **GRANTED** as to Defendants' Fifth, Eleventh, Twelfth, Thirteenth, and Fourteenth

Affirmative Defenses. The Fifth Affirmative Defense is stricken because it is redundant of the Third Defense. The Eleventh Affirmative Defense is also stricken because it is redundant of its Eighth Defense.

Defendant's Twelfth Affirmative Defense is clutter, and it will be stricken as it is not an affirmative defense. Under Illinois law, "[i]n a common law negligence action, a violation of a statute or ordinance designed to protect human life or property is prima facie evidence of negligence; the violation does not constitute negligence *per se*." *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 718 N.E.2d 181, 185 (Ill. 1999). A violation of an Illinois motor vehicle statute does not constitute negligence *per se*. *See Grass v. Hill,* 418 N.E.2d 1133, 1137 (Ill. App. Ct. 1981) (acknowledging that "the violation of a motor vehicle statute cannot be considered negligence *per se* but only prima facie evidence of negligence, the negligence of the defendant is actionable if it is shown that such statutory violation was a proximate cause of the plaintiff's injuries"); *Leaks v. City of Chicago,* 606 N.E.2d 156, 160 (Ill. App. Ct. 1992) (finding that the "[v]iolation of a statute or ordinance designed for the protection of human life or property is prima facie evidence of negligence, but does not constitute negligence *per se* because the evidence of negligence may be rebutted by proof that the party acted reasonably under the circumstances, despite the violation"); *Daly v. Bant*, 258 N.E.2d 382, 385 (Ill. App. Ct. 1970) (noting that that "[t]he mere failure to perform a statutory duty does not necessarily constitute negligence; a party may be negligent if the circumstances under which he, she, or it fails to observe the statute indicate a neglect of duty; but the mere failure, alone, to comply with the statute, may not be negligence").

Finally, the Thirteenth and Fourteenth Affirmative Defenses are clutter and will be stricken as they are not affirmative defenses. Defendants admit that "Johan B. Redecop was its agent and admits Johan B. Redecop was operating a tractor trailer in interstate commerce under its dispatch and was acting in the course and scope of his agency with Defendant at all times relevant." (Doc. 13, p. 2). Defendants are correct that "allegations of negligent hiring, entrustment, supervision, and training cannot be maintained as alternative theories of liability where the principal admits its agent was acting within the scope of his employment and as such is liable under the doctrine of respondeat superior." (Doc. 23, p. 8). Here, Defendants have already admitted agency exists, thus their Thirteenth and Fourteenth Affirmative Defenses are redundant.

**IT IS SO ORDERED.**

DATED: March 31, 2022

_____
NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**